

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-29-2008

# Pranata v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1484

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Pranata v. Atty Gen USA" (2008). *2008 Decisions.* Paper 610.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/610

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1484
_____

JUNAIDY PRANATA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY;
ASSISTANT SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND
SECURITY; DIRECTOR OF DETENTION AND REMOVAL OFFICE,
IMMIGRATION AND CUSTOMS ENFORCEMENT;
DIRECTOR OF DETENTION AND REMOVAL OFFICE,
NEWARK, NEW JERSEY FIELD OFFICE OF THE
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT;
UNITED STATES DEPARTMENT OF JUSTICE;
UNITED STATES DEPARTMENT OF HOMELAND SECURITY
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
BIA No. A96-261-516
(U.S. Immigration Judge: Honorable Daniel A. Meisner)
_____

Submitted Under Third Circuit LAR 34.1(a)
August 6, 2008
Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

Filed: August 29, 2008
_____

OPINION OF THE COURT
_____

PER CURIAM.

Junaidy Pranata, an Indonesian native and citizen, petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming the denial by the Immigration Judge ("IJ") of Pranata's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). Before the IJ, Pranata testified to several incidents of alleged persecution based on his Chinese heritage and his practice of Catholicism. The IJ found that Pranata was ineligible for asylum because the incidents he testified to did not constitute past persecution, he failed to establish that had a well-founded fear of future persecution. The IJ also found that Pranata did not meet his burden of proof under the CAT. The BIA agreed with the IJ's conclusions and dismissed the appeal.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Where the BIA substantially adopts the findings of the IJ, we review the decisions of both the IJ and the BIA. He Chun Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004).

The IJ and BIA's conclusions are supported by substantial evidence. Pranata testified to three incidents which he claims show past persecution. First, Pranata testified to a bicycle accident which occurred when he was seven years old. According to Pranata, a native Indonesian hit him with his bicycle and after the accident Pranata was refused medical assistance because he was Chinese. As another example, Pranata testified that when he was in high school, he was in another accident with a native Indonesian. Pranata

claimed that after the accident, a crowd surrounded the scene of the accident and accosted him but that it dispersed when the police arrived. Pranata alleged that these same policemen then asked him for money for their assistance. Pranata also testified to an incident during which Indonesian natives surrounded his car, demanded money from him, and pelted the car with rocks. Finally, Pranata described, without specificity, attacks on Catholic churches in Indonesia by Muslims and incidents during which he was badgered and "beat up" because of his Catholicism.

We have endorsed the definition of persecution as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). "[O]rdinary criminal activity does not rise to the level of persecution necessary to establish eligibility for asylum." Abdille v. Ashcroft, 242 F.3d 477, 494 (3d Cir. 2001). Although Pranata encountered some unfortunate incidents in his youth, those incidents were not of the severity necessary to prove persecution. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (noting that random acts of robbery and assault resulting in minor injuries cannot be characterized as acts of persecution). Nor did Pranata show that these incidents were the result of governmental action. See id. at 537. Additionally, Pranata failed to tie many aspects of these incidents to individualized persecution based on ethnicity or religion. Thus, we do not find that the evidence presented by Pranata is "so compelling that no reasonable fact

3

finder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

The BIA's conclusion that Pranata failed to prove a well-founded fear of future persecution is also supported by substantial evidence. See Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330, 345 (3d Cir. 2008) (discussing future persecution standard). As the IJ noted, Pranata had family members who remained in Indonesia unharmed since his departure. We have held that "when family members remain in petitioner's native country without meeting harm, and there is no individualized showing that petitioner would be singled out for persecution, the reasonableness of a petitioner's well-founded fear of future persecution is diminished." Lie, 396 F.3d at 537. Pranata also submitted multiple periodical articles, and the 2004 Country Report for Indonesia issued by the State Department to bolster his claim of well-founded fear of future persecution. While the report contains accounts of anti-Chinese and anti-Christian sentiment in Indonesia, such racism and discrimination do not appear to rise to the level of systematic and pervasive persecution. See Chen v. Ashcroft, 381 F.3d 221, 233 (3d Cir. 2004).

Because Pranata failed to make out an asylum claim, he necessarily failed to satisfy the more stringent standard for withholding of removal. See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003). Furthermore, Pranata's application for relief under CAT was also justifiably denied. Pranata failed to show that it is more likely than not that he would be tortured by the Indonesian government or that the government would

acquiesce in any torture.  <u>See</u> 8 C.F.R. § 208.16(c)(2); <u>Silva-Rengifo v. Att'y Gen.</u>, 473

F.3d 58, 65 (3d Cir. 2005).

For the above-stated reasons, we will deny the petition for review.